**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 851 |
| v. | ) | |
| | ) | The Honorable Judge |
| | ) | Robert W. Gettleman |
| FRANCISCO MENDEZ JR. | ) | |
| Defendant | ) | |

**MOTION TO AMEND CONDITIONS OF BOND**

NOW COMES, Francisco Mendez Jr., by and through his attorney, Gal Pissetzky, and hereby moves this court to amend the conditions of his bond. Mr. Mendez Jr. is respectfully requesting that (1) the lien on his house be temporarily lifted and then replaced such that he may refinance the property and (2) that his curfew be extended. In support thereof he states as follows:

1. On December 28, 2007 the Magistrate Judge Sidney I. Schenkier granted Mr. Mendez Jr. a bond in the amount of $250,000 dollars.

2. This bond was secured by $40,000 cash as well as Mr. Mendez's residence at 11011 S. Ave N, Chicago Illinois. The $40,000 was deposited with the Clerk of Court, and the property was posted as well.

3. Moreover, since his release Mr. Mendez Jr. has been a model pre-trial defendant, compliant with all terms and conditions of his release.

4. When Mr. Mendez Jr. purchased the property on Ave N, he financed it using an adjustable rate mortgage terminating with a balloon payment. That balloon payment is soon coming due, and Mr. Mendez Jr. wishes to refinance his house; this time with a fixed rate mortgage.

5. The mortgage company will not refinance the property if there are any liens or encumbrances upon it.[1]

6. The government's lien to secure the bond is preventing Mr. Mendez Jr. from refinancing his property.

7. Mr. Mendez Jr. is respectfully requesting that this Honorable Court temporarily lift the lien on his property for the express purpose of allowing Mr. Mendez Jr. to refinance his residence.

8. Mr. Mendez Jr. does not intend to remove any equity from the residence or otherwise decrease the value of the equity in his residence. He simply wants to refinance his volatile, adjustable rate mortgage with a steady, fixed rate mortgage.

9. Allowing him to do so will actually improve the government's security interest in the property. Under the new mortgage, Mr. Mendez Jr. will avoid the serious financial burden of attempting to make the balloon payment and will be able to keep current with his mortgage payments.

10. If Mr. Mendez Jr. is allowed to refinance his residence, both he and the government will benefit.

11. Second, Mr. Mendez Jr. is respectfully requesting that his curfew hours be extended.

12. Currently, Mr. Mendez Jr. is restricted to his residence every day from 7pm until 5am.

13. Mr. Mendez Jr. is employed full-time as a local truck driver. The majority of his routes keep him within 100 miles of Chicago and he does not travel

---

[1] Absent, of course, the original mortgage.

overnight. Pre-trial services granted Mr. Mendez Jr. permission to travel to Northwest Indiana to fuel his truck and complete paperwork.

14. Unfortunately, as the seasons in Chicago change from Spring to Summer the local expressways and highways come under heavy yearly construction. Travel for Mr. Mendez Jr. on these local routes has become more time consuming and inefficient. He has reported he often finds himself in bumper to bumper traffic, and the routes are now taking him more time to complete than before.

15. Mr. Mendez Jr. has encountered problems with his employer because he is unable to complete his delivery route and return home in time for his curfew.

16. He is worried that if he is unable to complete his routes his employer may lay him off, and if he misses his curfew he may have his bond revoked.

17. To address these concerns, and allow Mr. Mendez Jr. the ability to comply with both his employment and pre-trial obligations, he respectfully requests that this court amend his curfew to restrict him to his residence between the hours of 12:00am (midnight) and 5:00am.

18. This will allow Mr. Mendez Jr. ample time to fulfill his work obligation in spite of the adverse road conditions and heavy traffic. Clearly Mr. Mendez Jr. has prioritized his obligations to pre-trial services and there is no reason to believe this will change with the amended curfew. Mr. Mendez Jr. will remain a model pre-trial defendant.

WHEREFORE, for the above stated reasons, Mr. Mendez Jr. respectfully requests that this Honorable Court allow (1) the lien on his residence to be temporarily removed and replaced to allow him to refinance his property, and (2) to amend his curfew to 12:00am (midnight) to 5:00am.

Respectfully Submitted,

/s/ Gal Pissetzky_____
Attorney for Francisco Mendez Jr.
Pissetzky & Berliner, P.C.
53 W. Jackson Blvd, Ste. 1403
Chicago, Il 60604
312-566-9900

## CERTIFICATE OF SERVICE

    The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

### Motion to Amend Conditions of Bond

was served on April 22, 2008, pursuant to the district court's ECF filers to the following:

    J. Gregory Deis
    Assistant United States Attorneys
    219 S. Dearborn St., 5th Floor
    Chicago, IL 60604

                                                    Respectfully submitted,

                                                    /s/ Gal Pissetzky_____
                                                    Gal Pissetzky
                                                    Attorney for Francisco Mendez Jr.
                                                    Pissetzky & Berliner, P.C.
                                                    53 W. Jackson Blvd., Suite 1403
                                                    Chicago, IL 60604
                                                    (312)566-9900